**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Tomas Ramos, | No. CV10-02508-PHX-NVW |
| Plaintiff, | **ORDER** |
| vs. | |
| Walmart, | |
| Defendant. | |

Before the Court is Plaintiff's Application to Proceed in District Court without Prepaying Fees or Costs (Doc. 3). The Court has concluded that Plaintiff's complaint should be screened pursuant to 28 U.S.C. § 1915(e)(2) before it is allowed to be served. For the reasons set forth below, Plaintiff's Application to Proceed in District Court without Prepaying Fees or Costs (Doc. 3) will be granted and Plaintiff's Complaint (Doc. 1) will be dismissed with permission to file an amended complaint by December 23, 2010.

**I.     Legal Standards**

  **A.   28 U.S.C. § 1915(e)(2)**

Congress provided with respect to in forma pauperis cases that a district court "shall dismiss the case at any time if the court determines" that the "allegation of poverty is untrue" or that the "action or appeal" is "frivolous or malicious," "fails to state a claim on which relief may be granted," or "seeks monetary relief against a defendant who is immune from

such relief." 28 U.S.C. § 1915(e)(2). While much of section 1915 outlines how prisoners can file proceedings in forma pauperis, section 1915(e) applies to all in forma pauperis proceedings, not just those filed by prisoners. *Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000) ("section 1915(e) applies to all in forma pauperis complaints"). "It is also clear that section 1915(e) not only permits but requires a district court to dismiss an in forma pauperis complaint that fails to state a claim." *Id.* Therefore, this court must dismiss an in forma pauperis complaint if it fails to state a claim or if it is frivolous or malicious.

"[A] complaint, containing both factual allegations and legal conclusions, is frivolous where it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). Furthermore, "a finding of factual frivolousness is appropriate when the facts alleged rise to the level of the irrational or the wholly incredible, whether or not there are judicially recognized facts available to contradict them." *Denton v. Hernandez*, 504 U.S. 25, 33 (1992). "A case is malicious if it was filed with the intention or desire to harm another." *Andrews v. King*, 398 F.3d 1113, 1121 (9th Cir. 2005). Finally, Rule 8 of the Federal Rules of Civil Procedure governs whether the complaint has sufficiently stated a claim upon which relief may be granted.

### B.    Rule 8, Federal Rules of Civil Procedure

A complaint must include "a short and plain statement of the grounds for the court's jurisdiction . . . ." Fed. R. Civ. P. 8(a)(1). It must also include "a demand for the relief sought . . . ." Fed. R. Civ. P. 8(a)(3). Finally, a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Each claim must be stated in a separate count. *Bautista v. Los Angeles County*, 216 F.3d 837, 840-41 (9th Cir. 2000). The complaint must contain "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). Even where a complaint has the factual elements of a cause of action present but scattered throughout the complaint and not organized into a "short and plain statement of the claim,"

it may be dismissed for failure to satisfy Rule 8(a). *Sparling v. Hoffman Constr. Co.*, 864 F.2d 635, 640 (9th Cir. 1988). In in forma pauperis proceedings, a district court "shall dismiss the case at any time if the court determines that ... the action ... fails to state a claim on which relief can be granted[.]" 28 U.S.C. § 1915(e)(2).

**II.   Analysis**

In this case, Plaintiff's complaint fails to satisfy the pleading requirements of Rule 8 because his suit appears to be time barred. Plaintiff's complaint, although short on specific factual allegations and cognizable legal theories, can be read to state a claim for unlawful dismissal based on racial discrimination. However, Plaintiff also attaches to his complaint a notice letter he received from the Equal Employment Opportunity Commission (EEOC) dated May 29, 2009. In this letter, the EEOC informed Plaintiff that it had conducted a preliminary review of his case but would not investigate his claims further. The letter notified Plaintiff that he had the right to pursue his claims further by bringing suit in federal court. The EEOC also explicitly warned Plaintiff in the letter that he must file suit within ninety days of either the attempted delivery of the notice at his last known address or the date Plaintiff received the notice, whichever was earlier, in order to maintain his claim.

In the Ninth Ciruit, "[w]e measure the start of the limitations period from the date on which a right-to-sue notice letter arrived at the claimant's address of record." *Payan v. Aramark Mgm't Serv.*, 495 F.3d 1119, 1222 (9th Cir. 2007). In *Payan*, the Court explained that "[w]here the actual date of receipt [of the right-to-sue notice letter] is unknown but receipt itself is not disputed," the letter is presumed to have arrived within three days of its issuance. *Id.* It therefore appears that the ninety day limitations period has expired and that Plaintiff has lost his rights to pursue this claim.

Further, Plaintiff's complaint could be read to allege violations of the Fair Labor Standards Act (FLSA). However, since the FLSA violations Plaintiff alleges occurred more than three years before Plaintiff filed his complaint, that claim is also time-barred. *See* 29 U.S.C. § 255(a); *see also Dent v. Cox Comm. Las Vegas, Inc.*, 502 F.3d 1141, 1144 (9th Cir.

- 3 -

2007) (noting three-year statute of limitations for willful violations of the FLSA). Accordingly, Plaintiff's complaint fails to state a claim for which relief may be granted.

## III.     Leave to Amend

If a defective complaint can be cured, the plaintiff is entitled to amend the complaint before the action is dismissed. *See Lopez*, 203 F.3d at 1127-30. Therefore, Plaintiff will be given an opportunity, if he so chooses, to amend his complaint to make clear his allegations in short, plain statements with each claim for relief identified in separate sections. Each claim of an alleged violation must be set forth in a separate count and the factual allegations must be separately-numbered. The complaint must set forth a claim for which relief can be granted in conformity with the requirements of Rules 8(a) and (d)(1) of the Federal Rules of Civil Procedure.

Plaintiff is warned that if he elects to file an amended complaint and if he fails to comply with the Court's instructions explained in this order, the action will be dismissed pursuant to section 28 U.S.C. § 1915(e) and/or Rule 41(b) of the Federal Rules of Civil Procedure. *See McHenry*, 84 F.3d at 1177 (affirming dismissal with prejudice of prolix, argumentative, and redundant amended complaint that did not comply with Rule 8(a)); *Nevijel v. North Coast Life Ins. Co.*, 651 F.2d 671, 673-74 (9th Cir. 1981) (affirming dismissal of amended complaint that was "equally as verbose, confusing, and conclusory as the initial complaint"); *Corcoran v. Yorty*, 347 F.2d 222, 223 (9th Cir. 1965) (affirming dismissal without leave to amend second complaint that was "so verbose, confused and redundant that its true substance, if any, [was] well disguised").

**IT IS THEREFORE ORDERED** that Plaintiff's request to proceed in forma pauperis (Doc. 3) is granted  without prepayment of costs or fees or the necessity of giving security therefore. Plaintiff shall be responsible for service by waiver of the summons and complaint.

1   **IT IS FURTHER ORDERED** that Plaintiff's Complaint (Doc. 1) is dismissed for failure to comply with Rule 8, with permission to file an amended complaint by December 23, 2010.

**IT IS FURTHER ORDERED** that if Plaintiff elects not to file an amended complaint by December 23, 2010, the Clerk shall dismiss this action without further order of this Court.

**IT IS FURTHER ORDERED** that if Plaintiff elects to file an amended complaint, the complaint may not be served until and unless the court screens the amended complaint pursuant to 18 U.S.C. § 1915(e)(2).

DATED this 29th day of November, 2010.

_____
Roslyn O. Silver
United States District Judge