**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | | |
|---|---|---|
| Tomas Ramos, | ) | No. CV10-2508-PHX-NVW |
| | ) | |
| Plaintiff, | ) | **ORDER** |
| | ) | |
| vs. | ) | |
| | ) | |
| | ) | |
| Wal-Mart, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |
| ————————————— | ) | |

In its November 29, 2010 order granting Plaintiff's Motion to Proceed In Forma Pauperis (Doc. 4), the Court dismissed Plaintiff's complaint pursuant to 28 U.S.C. § 1915(e)(2) for failure to state a claim upon which relief may be granted.  The Court granted Plaintiff leave to file an amended complaint by December 23, 2010, and ordered Plaintiff not to serve any amended complaint unless and until it had been screened by the Court pursuant to 28 U.S.C. § 1915(e)(2).  On December 22, 2010, Plaintiff filed an amended complaint (Doc. 5), which is now pending before the Court.

**I.      Legal Standards**

      **A.      28 U.S.C. § 1915(e)(2)**

Congress provided with respect to in forma pauperis cases that a district court "shall dismiss the case at any time if the court determines" that the "allegation of poverty is untrue" or that the "action or appeal" is "frivolous or malicious," "fails to state a claim on which relief may be granted," or "seeks monetary relief against a defendant who is

immune from such relief." 28 U.S.C. § 1915(e)(2).  While much of section 1915 outlines how prisoners can file proceedings in forma pauperis, section 1915(e) applies to all in forma pauperis proceedings, not just those filed by prisoners.  *Lopez v. Smith*, 203 F.3d 1122, 1129 (9th Cir. 2000).  "It is also clear that section 1915(e) not only permits but requires a district court to dismiss an in forma pauperis complaint that fails to state a claim."  *Id.* at 1127.

"[A] complaint, containing both factual allegations and legal conclusions, is frivolous where it lacks an arguable basis either in law or in fact."  *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).  Furthermore, "a finding of factual frivolousness is appropriate when the facts alleged rise to the level of the irrational or the wholly incredible, whether or not there are judicially recognized facts available to contradict them."  *Denton v. Hernandez*, 504 U.S. 25, 33 (1992).  "A case is malicious if it was filed with the intention or desire to harm another."  *Andrews v. King*, 398 F.3d 1113, 1121 (9th Cir. 2005).  Finally, Rule 8 of the Federal Rules of Civil Procedure governs whether the complaint has sufficiently stated a claim upon which relief may be granted.

### B.    **Rule 8**, **Federal Rules of Civil Procedure**

To state a claim upon which relief may be granted, a complaint must include "a short and plain statement of the grounds for the court's jurisdiction, . . . a short and plain statement of the claim showing that the pleader is entitled to relief," and "a demand for the relief sought . . . ."  Fed. R. Civ. P. 8(a).  Each claim for relief must be stated in a separate count.  *Bautista v. Los Angeles County*, 216 F.3d 837, 840-41 (9th Cir. 2000).  The complaint must contain "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  A claim must be stated clearly enough to enable a defendant to frame a responsive pleading.  Therefore, even where a complaint has the factual elements of a cause of action present but scattered throughout the complaint and not organized into a "short and plain statement of the

1  claim," it may be dismissed for failure to satisfy Rule 8(a).  *Sparling v. Hoffman Constr.*

2  *Co.*, 864 F.2d 635, 640 (9th Cir. 1988).

3      "Each allegation must be simple, concise, and direct."  Fed. R. Civ. P. 8(d)(1).  In

4  order to assist litigants to understand this requirement, Rule 84 of the Federal Rules of

5  Civil Procedure provides samples in an Appendix of Forms, which "illustrate the

6  simplicity and brevity that the[] rules contemplate."  Fed. R. Civ. P. 84; *see also McHenry*

7  *v. Renne*, 84 F.3d 1172, 1177 (9th Cir. 1996).  An example is Form 11 (Complaint for

8  Negligence):

9      1.  (Statement of Jurisdiction - See Form 7).

10

11     2.  On *date*, at *place*, the defendant negligently drove a motor vehicle
       against the plaintiff.

12     3.  As a result, the plaintiff was physically injured, lost wages or income,
       suffered physical and mental pain, and incurred medical expenses of $_____.

13     Therefore, the plaintiff demands judgment against the defendant for $_____, plus
       costs.

14

15  **II.    Analysis**

16      **A.    Plaintiff's Amended Complaint**

17      Plaintiff's amended complaint (Doc. 5) still fails to satisfy the requirements of

18  Rule 8(a).  Although Plaintiff's amended complaint describes in more detail the alleged

19  incidents of employment discrimination and Plaintiff's resulting injuries, it still fails to

20  assert specific, separately-numbered claims for relief and the relevant causes of action

21  under which relief could be granted.  Plaintiff's initial complaint (Doc. 1) included a letter

22  from the Equal Employment Opportunity Commission (EEOC) dated May 29, 2009,

23  notifying Plaintiff that he had ninety days from either the attempted delivery of the notice

24  at his last known address or the date Plaintiff received the notice, whichever was earlier,

25  to file suit in federal court in order to maintain his claim.  However, Plaintiff's complaint

26  was filed on November 19, 2010, nearly eighteen months after the date of the EEOC

27  notice letter.

28

1     In his amended complaint (Doc. 5), Plaintiff still has not sufficiently shown that

2 his claim is not time-barred.  Plaintiff has attached an envelope from the EEOC with an

3 October 26, 2010 date stamp, but has not provided the Court with the contents of that

4 communication or otherwise alleged that his claim is not time-barred.  In order to

5 sufficiently state a claim for relief, Plaintiff must allege facts explaining why the ninety

6 day limitations period has not expired and why Plaintiff has not lost his rights to pursue

7 this claim.

8     **B.**     **Leave to Amend**

9     If a defective complaint can be cured, the plaintiff is entitled to amend the

10 complaint before the action is dismissed.  *See Lopez*, 203 F.3d at 1127-30.  Therefore,

11 Plaintiff will be given an opportunity, if he so chooses, to amend his complaint again to

12 assert specific, separately-numbered claims for relief.  Each claim must be set forth in a

13 separate count and the amended complaint must generally conform to the requirements of

14 Rules 8(a) and (d)(1) of the Federal Rules of Civil Procedure.

15     Plaintiff is warned that if he elects to file an amended complaint and if he fails to

16 comply with the Court's instructions explained in this order, the action will be dismissed

17 pursuant to section 28 U.S.C. § 1915(e) and/or Rule 41(b) of the Federal Rules of Civil

18 Procedure.  *See McHenry*, 84 F.3d at 1177 (affirming dismissal with prejudice of

19 redundant amended complaint that did not comply with Rule 8(a)); *Nevijel v. North Coast*

20 *Life Ins. Co.*, 651 F.2d 671, 673-74 (9th Cir. 1981) (affirming dismissal of amended

21 complaint that was "equally as verbose, confusing, and conclusory as the initial

22 complaint").

23     IT IS THEREFORE ORDERED that Plaintiff's Amended Complaint (Doc. 5) is

24 dismissed for failure to comply with Rule 8 of the Federal Rules of Civil Procedure, with

25 leave to file an amended complaint by January 28, 2011.

26     IT IS FURTHER ORDERED that if Plaintiff elects not to file an amended

27 complaint by January 28, 2011, the Clerk shall dismiss this action without further order of

28 this Court.

1    IT IS FURTHER ORDERED that if Plaintiff elects to file an amended complaint,

2  the complaint may not be served until and unless the Court screens the amended

3  complaint pursuant to 28 U.S.C. § 1915(e)(2).

4    DATED this 29th day of December, 2010.

5    _____

6    Neil V. Wake
     United States District Judge

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28