**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | | |
|---|---|---|
| Tomas Ramos, | ) | No. CV-10-02508-PHX-NVW |
| Plaintiff, | ) | **ORDER** |
| vs. | ) | |
| Wal-Mart, | ) | |
| Defendant. | ) | |

Before the Court is Plaintiff's third amended Complaint. (Doc. 9.) Plaintiff's initial complaint was dismissed by this Court pursuant to 28 U.S.C. § 1915(e)(2). (Doc. 4.) Plaintiff has been allowed three opportunities to amend his complaint (Docs. 4, 6, 8), but has failed to comply with the federal pleading requirements or state a claim for relief in any of his subsequent amended complaints. In his third amended complaint, currently before the Court, Plaintiff has again failed to state a claim for relief.

Plaintiff's initial complaint (Doc. 1) included a letter from the Equal Employment Opportunity Commission (EEOC) dated May 29, 2009, notifying Plaintiff that he had ninety days from either the attempted delivery of the notice at his last known address or the date Plaintiff received the notice, whichever was earlier, to file suit in federal court in order to maintain his claim. However, Plaintiff's initial complaint was filed on November 19, 2010, nearly eighteen months after the date of the EEOC notice letter. Although Plaintiff now asserts that he received an EEOC notice letter in October 2010, he has not

1 attached this letter to his complaint.  The facts underlying Plaintiff's third amended
2 complaint (Doc. 9) appear to stem from the same incidents that formed the basis for
3 Plaintiff's initial complaint, for which Plaintiff offered the May 29, 2009 EEOC letter.
4 Without evidence of another EEOC letter, the Court cannot ascertain whether Plaintiff's
5 third amended complaint refers to a new claim brought before the EEOC, which may not
6 be time-barred, or to the original claim raised in Plaintiff's initial complaint that is time-
7 barred.  Additionally, Plaintiff's complaint does not allege sufficient facts to make out a
8 federal cause of action.

9      Plaintiff will be given one final opportunity to amend his complaint.  *See Lopez v.*
10 *Smith*, 203 F.3d 1122, 1130-31 (9th Cir.2000) (holding pro se litigant entitled to
11 opportunity to amend where pleading could be cured by allegation of other facts).  In
12 order to sufficiently state a claim for relief, Plaintiff must attach the October 2010 letter to
13 show why he has not lost his rights to pursue this claim.  He must also state sufficient
14 factual allegations regarding the underlying employment incidents to make out a federal
15 claim for relief.  If Plaintiff files an amended complaint that is still deficient, this action
16 will be dismissed with prejudice.  *See Sisseton-Wahpeton Sioux Tribe v. United States*, 90
17 F.3d 351, 355 (9th Cir.1996) (noting court's discretion to deny leave to amend is
18 particularly broad where Plaintiff has previously been permitted to amend his complaint).

19      IT IS THEREFORE ORDERED that Plaintiff's Amended Complaint (Doc. 9) is
20 dismissed with leave to file an amended complaint by March 11, 2011.  If Plaintiff elects
21 not to file an amended complaint by March 11, 2011, the Clerk shall dismiss this action
22 without further order of this Court.

23      IT IS FURTHER ORDERED that if Plaintiff elects to file an amended complaint,
24 the complaint may not be served until and unless the Court screens the amended
25 complaint pursuant to 28 U.S.C. § 1915(e)(2).

26      DATED this 14th day of February, 2011.

27                                                          Neil V. Wake
28                                                        United States District Judge