**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Tomas Ramos, ) | No. CV-10-02508-PHX-NVW |
|   Plaintiff, ) | **ORDER** |
| vs. ) | |
| Wal-Mart, ) | |
|   Defendant. ) | |

    Before the Court is Plaintiff's fourth amended Complaint. (Doc. 11.) Plaintiff's initial complaint was dismissed by this Court pursuant to 28 U.S.C. § 1915(e)(2). (Doc. 4.) Plaintiff has been allowed four opportunities to amend his complaint (Docs. 4, 6, 8, 10), but has failed to comply with the federal pleading requirements or state a plausible claim for relief in any of his subsequent amended complaints. In its February 14, 2011 Order dismissing Plaintiff's third amended complaint (Doc. 10), the Court warned Plaintiff that if he did not provide evidence of an EEOC notice of right to sue letter other than the May 29, 2009 notice which Plaintiff had attached to his original complaint, then the Court would dismiss Plaintiff's complaint with prejudice for failure to state a claim because any claims related to the May 29, 2009 notice are time-barred.

    In his fourth amended complaint, Plaintiff again attached the May 29, 2009 notice and failed to provide the Court with evidence showing his claims are not time-barred.

1 Although Plaintiff has attached to his complaint multiple envelopes marked "return to
2 sender," the May 29, 2009 EEOC letter clearly states that a claimant has

> only 90 days from the date that delivery of the Notice was <u>attempted</u> at [claimant's] last known address of record or 90 days of receipt of the Notice, whichever is earlier, to file suit in Federal Court, or [claimant] will lose [his] right to file a lawsuit . . . .

(Doc. 11 (emphasis in original).) Even if Plaintiff did not actually receive the May 29, 2009 notice until October 2010, his claims are still time-barred because delivery of the notice was apparently attempted on May 29, 2009 and June 9, 2009, as evidenced by the envelopes attached to Plaintiff's fourth amended complaint. (Doc. 11.) Plaintiff did not commence this action until November 2010, more than 90 days after delivery of the notice was attempted. Therefore, Plaintiff has again failed to state a claim for which relief could be granted.

As the Court previously warned, because Plaintiff's fourth amended complaint is still deficient and Plaintiff has not alleged facts showing his claims are not time-barred, this action will be dismissed with prejudice. *See Sisseton-Wahpeton Sioux Tribe v. United States*, 90 F.3d 351, 355 (9th Cir. 1996) (noting court's discretion to deny leave to amend is particularly broad where Plaintiff has previously been permitted to amend his complaint).

IT IS THEREFORE ORDERED that the Clerk shall enter judgment dismissing Plaintiff's fourth Amended Complaint (Doc. 11) with prejudice. The Clerk shall terminate this case.

DATED this 11th day of March, 2011.

_____
Neil V. Wake
United States District Judge